IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. KYLES,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>               Defendant. | **8:22CV290**<br><br>**MEMORANDUM AND ORDER** |

On August 12, 2022, James E. Kyles ("Kyles"), proceeding pro se, filed a "Notice of Removal of State Court Action to United States District Court" (hereinafter "Notice of Removal"), which the Court docketed as a civil complaint filed pursuant to 42 U.S.C. § 1983 (i.e., a civil rights action). Filing No. 1. Attached to the Notice of Removal is a copy of a Uniform Citation and Complaint issued to Kyles on February 19, 2022, for the offense of "assault, 3rd degree" and directing him to appear in the County Court of Douglas County, Nebraska, on April 25, 2022. *Id.* at 7. Other state court documents attached to the Notice of Removal indicate a criminal complaint was filed in the County Court of Douglas County, Nebraska, in Case No. CR22-6610 charging Kyles with Assault and Battery in violation of Omaha Municipal Code § 20-61(2), and the matter is presently set for trial on September 13, 2022. *Id.* at 45, 48, 104, and 111.

Along with his Notice of Removal, Kyles filed a Motion for Leave to Proceed in Forma Pauperis. Filing No. 3. Upon review of Kyles' motion, the Court finds that Kyles is financially eligible to proceed in forma pauperis.

The Court further finds that Kyles should be relieved from payment of the filing fee because it appears that Kyles may be attempting to remove his state criminal case

to this Court pursuant to 28 U.S.C. §§ 1443 and 1455.[1] A filing fee is not required for the removal of a state criminal prosecution to federal court. See *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964).

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Kyles did not seek to remove his criminal case within 30 days of his arraignment. *See* Filing No. 1 at 104. Thus, he has not complied with § 1455(b)(1). Moreover, the Court concludes Kyles has failed to establish good cause to permit the late filing of his Notice of Removal because removal is improper under 28 U.S.C. § 1443.

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the

---

[1] Kyles' Notice of Removal states that it is brought "pursuant to 28 U.S.C. § 1443, and 42 U.S.C. § 1983. . . . [and] 28 U.S.C. § 1445." Filing No. 1 at 1. The Court liberally construes Kyles' Notice of Removal as being brought pursuant to 28 U.S.C. §§ 1443 and 1455 as 28 U.S.C. § 1445 lists nonremovable civil actions and is inapplicable.

> United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Kyles does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law. Rather, Kyles claims, in conclusory fashion, that he "is not receiving fair treatment in state court[,] . . . has been deprived and will be deprived of equal protection of law. . . . [and] due process of law." Filing No. 1 at 3. A close examination of Kyles' Notice of Removal and the accompanying materials shows that Kyles believes the state county court lacks jurisdiction over him because the State of Nebraska is merely a legal fiction and there are no facts proving Kyles' presence within the State or that the laws of the State apply to him. *See, e.g.*, *Id*. at 3–4, 13, and 17. Kyles' self-proclaimed belief that he is exempt from the jurisdiction of the courts has been repeatedly rejected as frivolous. See *Bey v. Missouri*, No. 4:18-CV-1515-JCH,

2018 WL 5831251, at *1 (E.D. Mo. Nov. 7, 2018), *appeal dismissed*, No. 19-1309, 2019 WL 3814394 (8th Cir. Apr. 10, 2019) (citing cases). Thus, to the extent Kyles is requesting removal of his state criminal case to this Court, this matter is summarily remanded to the County Court of Douglas County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

Moreover, to the extent Kyles' Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of Kyles' constitutional rights. See *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over any civil action that challenges Kyles' ongoing criminal proceedings. See *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Kyle has alleged no such extraordinary circumstances in his Notice of Removal. Thus, Kyle is advised that the Court will not interfere with, or intervene in, his ongoing criminal proceedings.

IT IS THEREFORE ORDERED:

1. Kyles' Motion to Proceed In Forma Pauperis, Filing No. 3, is granted.

2. To the extent Kyles' Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

3. To the extent Kyle is requesting removal of his state criminal case to this Court, his request is denied, and this case is remanded to the County Court of Douglas County, Nebraska.

4. Judgment shall be entered by separate document and the Clerk of the Court shall close this file for statistical purposes.

5. The Clerk of the Court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the County Court of Douglas County, Nebraska.

Dated this 23rd day of August, 2022.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge